# SUPERIOR COURT.

## FALL SESSIONS,

## 1861.

---

The Farmers and Merchants' Bank of Baltimore *v.* William B. Horsey.

A negotiable promissory note drawn in blank as to the payee, may at any time, either before or aiter its maturity, be filled with the name of the *bona fide* holder of it for a valuable consideration, as the payee of it, against the maker of it.

This was an action of assumpsit on a promissory note for $540 $\frac{16}{100}$, made by William B. Horsey, the defendant, to the order of blank and payable five months after the date of it. It was delivered by him to the firm of Cropper & Brother in Baltimore, who endorsed it and negotiated it with the Farmers and Merchants' Bank of that city for value received, before it became due and without filling the blank with their own, or any other name as the payee in the body of it, but after maturity the name of the bank, then the holder, was inserted as the payees of it, and this action was brought to recover the amount of it.

*C. S. Layton,* for the plaintiff: Under the circumstances shown, the bank being the *bona fide* holder of the note for a valuable consideration from the time it was discounted

49

by it for Cropper & Brother, had a right to fill the blank with its own name as the payee of it, at any time after that, and was therefore entitled to recover in this action against the maker of it. *Chit. on Bills* 63. *Usher v. Daunsey*, 4 *Campb.* 97. *Story on Prom. Notes*, secs. 54, 55, 56. *Byles on Bills*, 62. 3 *Kent Com.* 77. *Gibson et al. v. Minot et al.* 1 *H. Blacks. Rep.* 608. 5 *Taunt.* 529.

*Wootten*, for the defendant, did not dispute the proposition that the blank might be filled by inserting the name of the *bona fide* holder of the note as the payee of it, at any time before its maturity; but the question which he wished to raise was, whether that could be done after it had become due and payable. The authorities cited on the other side did not go to that extent, as he understood them, and he should therefore contend that after maturity it could not be done by any one, nor particularly by an endorsee who had received and held it in blank up to that time, notwithstanding he might have discounted it for a valuable consideration before its maturity.

*C. S. Layton*, replied.

*By the Court:* This was an action by a *bona fide* holder of the note in question for a valuable consideration against the maker of it and a party primarily and absolutely liable upon the face of it. A negotiable promissory note drawn in blank as to the payee of it, as this was, may be filled with the name of the *bona fide* holder of it for a valuable consideration, either before or after its maturity. He cannot fill it with the name of any other person, but in a case like the present, he may at any time fill it with his own name, either before, or after its maturity, and there is no principle of law we think better settled in regard to such negotiable paper.